UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

J.P., *individually and on behalf of J.J., a child with a disability*,

                                   Plaintiffs,

                    -v-


NEW YORK CITY DEPARTMENT OF EDUCATION,

                                   Defendant.

---

21 Civ. 10961 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On March 10, 2023, the Court resolved a motion from plaintiffs for attorneys' fees and costs in this action under the Individuals with Disabilities Education Act of 1990 ("IDEA"), 20 U.S.C. §§ 1400 *et seq*. *See* Dkt. 38 (the "Opinion"). Plaintiff J.P. had sued the New York City Department of Education ("DOE") after being awarded independent evaluations and related accommodations for her disabled child, J.J. (together with J.P., "plaintiffs"), in an administrative hearing before an independent hearing officer. Plaintiffs requested attorneys' fees and costs totaling $34,062.30. The Court awarded a reduced amount of $18,673.30 with post-judgment interest. On April 8, 2023, plaintiffs appealed the Opinion. Dkt. 43.

Before defendants' appeal in this matter, the United States Court of Appeals for the Second Circuit (the "Second Circuit") had directed that a number of fee dispute appeals in other cases involving the Cuddy Law Firm would be briefed and heard in tandem. Dkt. 43 ("Mandate"). The Second Circuit noted that fee dispute appeals of decisions in other cases after May 24, 2022—such as this Court's decision here—would "be held in abeyance or remanded to

the district court for reconsideration in light of the Court's determination of the tandem appeals."
*Id.*

On June 21, 2023, the Second Circuit issued its decision resolving the tandem appeals. *See H.C. v. N.Y.C. Dep't of Educ.*, No. 21-1582, 2023 WL 4094873 (2d Cir. June 21, 2023). Reviewing for abuse of discretion, the Court affirmed the district courts' decisions on numerous issues. These included, *inter alia*, the courts' "calculations of reasonable attorneys' fees in each case," *id.* at *2, their "decisions with respect to prejudgment interest," *id.* at *4, and their decisions to not "specify an entitlement to post-judgment interest in its judgment awarding attorney fee," *id.*, because such is presumed to be included in any award as statutorily required. The Second Circuit reversed on only a single issue in a single one of the tandem cases: The district court there, it held, had "abused its discretion when it denied *any* travel-related fees to [plaintiff's] counsel." *Id.* at *5 (emphasis added). On that point, the Second Circuit held: "A district court may permissibly adjust excessive travel costs—as many did in these cases. But the district court could not 'eliminate[] all of the hours submitted by [plaintiff] as travel time' by denying travel-related fees altogether." *Id.* (quoting *Cruz v. Loc. Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1161 (2d Cir. 1994)).

On June 21, 2023, the Second Circuit issued its mandate in this case. It remanded this case for further proceedings following the determination in *H.C.* and the tandem appeals. *See id.*

The single issue upon which the Second Circuit reversed a district court—the denial of *any* travel-related fees—is not implicated in the Court's decision here. Plaintiffs did not request travel expenses, *see* Dkt. 27, and DOE did not raise travel-related arguments, as "travel expenses [were] not at issue in this case," Dkt. 34 at 3 n.4. Accordingly, this Court finds, on remand, that the Second Circuit's decision in *M.C.* does not call into question any part of the Court's decision

2

here.  The Court therefore reenters final judgment consistent with its Opinion and with the

Clerk's judgment issued on March 30, 2023.[1]  Dkt. 42.

      For avoidance of doubt, the case is to remain closed.


      SO ORDERED.

                                          *Paul A. Engelmayer*
                                        PAUL A. ENGELMAYER
                                        United States District Judge

Dated: June 29, 2023
      New York, New York

---

[1] As the Second Circuit noted in the Mandate, "[f]ollowing the district court's entry of a final judgment in the remanded appeal, either party may restore jurisdiction to [the Second Circuit] by notifying the Clerk of Court by letter that it seeks further appellate review.  No new notice of appeal or fee will be required."  *See* Mandate.